The first case for today is 2017-40033, United States of America v. Jonathan Rivas-Estrada. Mr. Ross, you may proceed. Thank you, Your Honor. May it please the Court, my name is Kevin Ross. I do represent the appellant, Mr. Jonathan Rivas-Estrada. The issue before the Court today is regarding whether or not the district court abuses discretion by including special conditions of supervised release that it did not orally pronounce but included in the written judgment. I think there's two questions that I'd focus the Court's attention on in this case. One is the question of notice and one is the question of whether or not there's a meaningful opportunity for the defendant to object to the supervised release conditions. Understanding that there is case law, I would point the Court's attention and try to use Mr. Rivas-Estrada's case to be very similar to Mr. Hudson's case, the case in Hudson. For these reasons, in the Hudson case, the special conditions of supervised release were included in the PSR. So the attorney had the PSR, he had the recommended conditions that he could have objected to had he wanted to. The Court in Hudson, however, found that that in and of itself wasn't enough, that he also had to have a meaningful opportunity to be able to object to any supervised condition, release condition that was imposed by the Court. The difference, the main difference between Hudson and Rivas-Estrada is that in Hudson, the District Court did not make any reference to the special conditions of supervised release. It adopted the PSR in part, but not in whole. In Rivas-Estrada, the District Court, similar to Hudson, did not adopt the PSR in whole. If you, in the record, the District Court judge specifically stated that he was adopting… What part of the PSR did the judge disregard? Your Honor, the judge did not make any findings in regards to the special conditions that were contained in the PSR at the very end of the PSR, which were merely recommendations. What the Court did… Except for these three conditions of release, what, did the judge reject recommendations of the PSR? He did not reject any of the recommendations. So he adopted, he adopted the entire document. Well, Your Honor, what I would argue is that in… Well, I mean, is that correct or incorrect? In the record, he states that he is adopting the factual findings, the clarifications, any clarifications that were made. He's adopting the guideline calculation. And that's it. It's really what's contained in what we would normally call the PSR. The reason I point that out to the Court is that, for instance, in different districts. In the Northern District, the PSR doesn't contain special conditions of supervised release. It doesn't even contain the mandatory. In this case, I take it that your answer to me, the question is that the district judge adopted the entire PSR in this case. I don't, Your Honor, I would disagree. I don't think… What did he not adopt? What portion was not referred to? What portion was not referred to in the PSR? When he said, I'm adopting the factual findings, clarifications, guideline calculations, what portion of the PSR was not referred to when he said that? Isn't that the same? He was not referring and did not refer to any of the special conditions of supervised release in the PSR, Your Honor. He did not refer to the supervised release conditions, and they are not included in any of the other categories that he did list. That's correct. So that's the part that was not specifically adopted. That's correct. That's what I asked you. In other words, except for the PSR, except for the three conditions, so the whole thing was adopted. Except for the PSR conditions. That's what I said. That's what I said. Okay, yeah, okay. Okay. What I'd point the Court to, though, then what makes it a little bit different in Revis Estrada rather than in Hudson, is in the record at the very end when the district court is imposing sentence. After he's imposed the time period of imprisonment and he goes into the period of supervised release and imposes the term of supervised release, the only passing thing that he says is, in addition, you shall comply with the mandatory and special conditions that have been adopted and set forth in your presence report. And he made special reference to the one item in the document that the defendant would be most concerned with, and that was he will be sent back and deported upon the completion of his sentence. That was one of the three special term releases, special terms of the supervised release. So one of the special terms of supervised release was that he had to report. And in the colloquy, he expressly referred to that. He stated that, you know, you're going to be deported. You will be deported. I think that was one of the reasons he did it in the sentence. Let me ask you. He asked the lawyer, did you receive a copy of the PSR? The lawyer said yes. He asked the defendant, is that correct? Did you read and get a copy of the PSR? Yes. He asked him, do you have any questions about the PSR? He said no. The three conditions, as I understand it, were in the PSR. So, I mean, he knew he had read it. He knew what it was. He had an opportunity. And then he asked him, have you got anything further to say? And he says no, nothing further to say. He had read the PSR. He knew everything about it, at least as far as the record is concerned. And he chose to say nothing. He certainly had the opportunity, it seems to me, to challenge those three terms of supervised release if he had a problem with it. I think my argument to that, Your Honor, would be in Hudson, he had the same scenario in Hudson. You had the PSR was with the special conditions were there. He had an opportunity if he wanted to object to those, but he didn't. And then the fact that the court did not ever allude to them, then the question was, was there a meaningful opportunity to object? My argument to the court would be, maybe give you a hypothetical in one sense, is that, again, supervised release conditions are not always included in a PSR. It's not a mandatory insert in the PSR based on statute. PSRs basically cover the factual background, the guideline calculation, and what the sentence would be. But it was in this case. It was. However, Your Honor, my question would be to the court is, did the district court give the defendant a meaningful opportunity to object to those supervised release conditions on this basis? The defendant doesn't know if the district court is going to impose those conditions or not. So the issue about objecting to them really doesn't come up. He said he was, didn't he? He says there are three terms of the supervised release. I'm going to impose these terms. That's part of what I'm going to do. Well, Your Honor, what I'm saying is before sentencing, if you're saying that the defendant has an opportunity to object and make the court aware, prior to the court imposing. Well, he had it 30 days beforehand, didn't he? Your Honor, again, I would argue to the court that it's just not right. It doesn't rise to the level of objecting at that time. Can I ask something? Okay. So just to make it clear, the court is going through what he's adopting, and he doesn't say the special conditions. And then at the very end of the hearing, he says, and by the way, I impose the special conditions. Is that right? He says that I am, that he is, that the defendant is to comply with the mandatory and special conditions that have been adopted. But he doesn't go through why he is imposing the special conditions, does he? No, Your Honor. And isn't there a requirement because they're special and not mandatory conditions that we've said in our case law that a court has to give specific, particularized justification for imposing the special conditions? Haven't we said that in our case law? That is correct. And at that moment in time, I believe, is when the opportunity to make a meaningful objection arises. Right. When he says, because you have been in, just hypothetically sometimes, because you have been in a, all of your crimes relate to you being an alcoholic and you're trying to support that habit and you're getting into trouble. I give you a special condition of alcohol treatment, or you have to have a mental health evaluation because you've exhibited this during the case, or you have some kind of domestic violence situation, so we want you to get some treatment for that. There are always particularized special conditions, and the court articulates a reason that's related to the person specifically. Isn't that right? That's correct, Your Honor. I don't disagree with that. And I think that in this particular case, and in the cases that really follow, that follow is it's a point of clarification. It could be done better. If you were drafting kind of a new and improved oral pronouncement rule, what should district courts be required to tell defendants that it's sentencing? What should they say? I think that there's a very good model. I've been before two judges in the Northern District, and what they require and what they do in regards to any kind of conditions of supervised release or special conditions is at the time of sentencing they have a document, and that document lists what those conditions are. And that document is given to the defense attorney and the defendant to go over and to review and to see if they have any questions in that regard about those. I thought that was done in this case. That's not in this case. That was in the Rowland case, I believe. I thought that was done in this case. They had the PSR. Is that what you're talking about? No, Your Honor. What I'm talking about in this particular case is there's a separate document that wasn't part of the PSR that the court, the district court judge, gives to the defendant and the defense attorney at the time of sentencing and says, these are the conditions I'm considering imposing in these special conditions. I want you to go over them. I want you to review them to see if you have any questions about them. Who are the two judges who do that? That is before Judge Lynn in the Northern District and Judge Reed O'Connor in the Northern District in the Fort Worth Division. But now I'm having a little problem understanding why that was not done in this case when the special conditions were in the PSR. They were given a copy of the PSR and were told that the special conditions were going to be imposed, and they had, you know, 30 days to look at it, and they acknowledged it in open court that they had received it and read it and responded that they had no objections or comments to make about it. I mean, what's the difference between that and what you're talking about? The differences in the PSR, those are recommended conditions. They're not imposed. They're recommended by the probation officer. The judge does not step forth that he's going to impose those conditions. And so going back to my example with Judge Willett, the district court judge who's going to impose those conditions presents that to the defense and the defense attorney, which gives them that meaningful opportunity to object. Now, you can't say, or at least I don't believe you can say in such a way that would convince me, that they didn't have a meaningful opportunity here. I mean, assuming that they had it 30 days before, assuming that they read it, which they acknowledged they did, assuming they had no questions about it, that they didn't have a reasonable opportunity to challenge any term of the sentence that was imposed. I mean, I just don't know what is a reasonable opportunity and how does it add an opportunity to reiterate what you've known for 30 days? I think that one of the differences, Your Honor, would be when you look at the PSR, most defense attorneys are focused on the factual findings, the guideline calculations, any enhancements and things of that nature. There's not a concern. But not the sentence. Well, to the sentence as well, yes. But what I'm getting at is the conditions of supervised release are recommendations and they're not factual findings. And so the meaningful opportunity to object to those in which now you know that the Court will impose when he says he's going to impose those at sentencing, that's the meaningful time to be able to object to those and give your reasons why. After you hear the reasoning why the Court will impose them. Okay. All right. What relief do you seek? Your Honor, I think the appropriate relief in this case, that the Court could remand the case back for correction to strike the special conditions. Do we also have discretion to send it back to court, can consider them and have a proper hearing if we agree with you that it's improper? Do we have to strike them? Or can the Court have an opportunity to articulate the basis? So I think that that is an interesting question. I think the general rule is that the oral pronouncement controls, and therefore there would have to be a special exception maybe to that. I don't know that there is one in this particular case that I have found. But I do think, I know my time is up, one last comment. I do believe that there could be a point of clarity that could clear up all the confusion if the district court had a procedure in place. Thank you. Thank you, Your Honor. Thank you. You may proceed, counsel. Good morning. Terry Hagan for the United States. May it please the Court. Defendants who appear before Federal district judges in Federal criminal proceedings have a duty to the district court, and that is when they perceive an issue to file an objection so that the Court can correct any problem that is actually there. If the defendant does not do that, but complains about the issue for the first time on appeal, then they are rightly, in this case, is rightly faced with a more stringent standard of review, which in this case is plain error. Does the Court also have a duty to the defendants to articulate a basis, a factual basis, to special conditions that are named in findings that the Court, does our case law also hold that the Court has a duty to the defendants? There is case law, yes, Your Honor, that sets that. But I would point out to the Court that the record clearly shows why the district court imposed each of those conditions. First of all, the condition that he report for deportation hearings, the record shows that he was in the United States illegally. The second condition that he give the probation office access to his financial records so that they can monitor his income was reasonable because the record shows that Rivas Estrada pleaded guilty to a large drug trafficking conspiracy and also to money laundering. And the final condition in question, that he receive testing and treatment for substance abuse, is justified in the record because the Court specifically found that he has an alcohol abuse problem. So the reasons are in the record. And the Court has another obligation that has been explored this morning, and that is to give the defendant a meaningful opportunity to object. And this case, the defendant had several meaningful opportunities to object. First, I'd like to point out that there's an error in my brief, and I apologize to the Court for that. But the initial pre-sentence report and the final pre-sentence report had the same conditions, all three of them, not just two of them, as I indicated. And, excuse me, additionally, the final judgment had the exact language that the district court used in his written judgment. So Mr. Rivas Estrada had many opportunities. First, he had an opportunity to file formal written objections. He had over four months, 121 days, to file those objections. How does he know to file a written objection when he doesn't know whether the judge is going to impose a special condition? That's a different thing than objecting to the calculation of the sentence because you know the judge is going to impose a sentence, and you don't know if they're going to impose any of them. And so until the judge imposes them and gives the reasons that the judge wants to impose them, it's different. It's a different situation than objecting to a calculation of a sentencing number. Well, with respect, Your Honor, we do disagree with that. The defendant does not know that the court is going to follow the recommended guideline calculations, so he knows to object to that. And when, on its own separate page, as part of the pre-sentence report, as is the case here, these special conditions are set forth, he's on notice that he is going to object to those as well if he wants to object to them. But apparently, he didn't want to object to them because when the district court imposed those conditions, surely at that time he knew that those conditions applied to him, and he did not object. Furthermore, this defendant had a translated copy in his own language, Spanish, of the pre-sentence report. So during that 161-day period, he could have told his counsel at any time that these conditions are unreasonable or that I want you to object to these because I shouldn't be required to fulfill them. Do you have any experience with the procedure that's discussed in the Ruland case that's used in the northern district that we were discussing earlier? Have you had a personal experience in whether that works well or not from the government's perspective? No, Your Honor, I have not. Okay. But additionally, the defendant himself said that he had discussed the PSR with his counsel, and importantly, he testified that he understood it. The defendant's attorney said that he had given his client a translated copy of the PSR, that he had discussed it with him, and that he believed the defendant understood it. When asked if he had comments, additions, or corrections to the PSR, the defense replied no. When asked if they had an objection to the PSR, the defense again replied no. So the situation in this case is like the Cox case and like the Reyes case. This is not like the Hudson case. In the Reyes case, they read the entire PSR during the sentencing, didn't they? They took a recess for the defense attorney to go through it with his client. But here we have the functional equivalent of that because the court established Is that a recess or was that an actual reading out of the PSR? I'm sorry. Was that a recess or was that an actual reading of the PSR provisions during the hearing? It was a recess. And when the court reconvened, the court asked the questions about whether the defendant understood the PSR again. Do you think the court should provide some clarity in this area? I think it would be helpful. This case is more like the Cox case where the court, when imposing the conditions of supervised release, said basically the same thing that the court said here, which is you shall comply with the mandatory and special conditions that have been adopted and that are set forth in your pre-sentence report. Mr. Cox had the report. The only difference is he had the report for about a year before he brought up this objection. So plain error review is the appropriate standard of review because the defendant did have several meaningful opportunities to lodge his objections. So turning to the question of whether or not the defendant's constitutional rights to be present at sentencing were violated by the court imposing these conditions in its written judgment or, as the court said in Reyes, was the defendant denied a fair and just hearing by the court's failure to pronounce word for word the supervised release conditions. I submit to you that the answer to that question turns on whether there is a conflict between the written judgment and the oral report. And we can divide the court's cases into two groups as to when the court has said that although there is a discrepancy between the oral pronouncement and the written judgment, there is no conflict. The first category would be that when the supervised release conditions are set forth under the sentencing guidelines or in the court's standard conditions, there is no conflict. And in this case, while the district court did not quote word for word the conditions that are set forth in Section 5D, 1.3d, the conditions that it imposed are certainly consistent with 5D, 1.3d, 3, 4, and 6. Do you think it's helpful for the court to state the conditions at the hearing? I think if courts were required to state all the conditions of supervised — Special conditions. I'm sorry. The special conditions. I think if the district court was required to state all or to read all the special conditions that it imposes in a supervised release, I think the sentencings could be — last even longer than they do now. I don't think, and this Court has said, that it's not necessary that the court read those conditions verbatim. The Court said that in Reyes and said that in Cox. So the second group is when the discrepancy between the written judgment and the oral pronouncement contains merely an ambiguity. So to the extent — As I understand it, the whole point of this point of law about discrepancy or about the difference between oral and written pronouncements of the sentence is to assure that the defendant had an opportunity, full and fair opportunity, to make objections or comments about the sentences being imposed on him. Yes, Your Honor. And if that occurred here, then, I mean, that's the inquiry that we would make. And we either arrive at a yes or no on that basis. It doesn't have to be — I mean, we've said it doesn't have to be actually spoken. And so long — at least as I understand it, our authority and the rationale for it is the opportunity. Well, that's true, Your Honor. We think that governs the standard of review as well as has a major influence on the answer to the ultimate question, which is whether his rights were violated or thwarted by the manner that the court imposed the conditions. Now, we're trying to — you know, assuming we want to — just assuming that we might want to harmonize our precedent, and actually all the cases that we've been talking about except the Rulin case are unpublished, Reyes, Cox, and Hudson. So what would be the standard that the government would advocate as to what a court should do at sentencing with a special condition to provide appropriate notice? What would be the — what would be the gold — what would be what the government believes is important in that? Okay. We do believe that the standard that the court used in this case is probably the minimum that a district court should do, because as we know in Hudson, the court didn't even refer to the PSR when announcing the sentence, nor did the court announce any conditions of supervised release, but they — he put it in the written judgment. Was there actual allocution here? I mean, did the defendant speak up at all in the sentence in the proceeding? Yes, sir. He did. Did his lawyer speak up as well? I don't have that part of the record with me, but I will tell you, I do know this. Rather than filing objections to the PSR, the defense filed a 35-page sentencing memorandum asking that the court vary downward from the sentencing guidelines. There was quite a bit of argument about that. The court even inquired to what the government had offered as a plea agreement for the defendant. But the court did downward depart from the sentencing guidelines, so there was a lot of argument. And, of course, he could have asked during that time that the court not impose the recommended conditions, because certainly when he's asking for a downward variance from the sentencing guidelines, he's merely doing the same thing, which is asking that the court not follow the recommendations of the probation office. Now, you said they asked for a downward variance, and then you said the court imposed a downward departure. Did you mean to say the court imposed a downward departure? No, Your Honor. I meant to say a downward variance. Okay, so downward. It was asked for variance and got a variance. Yes. Okay. I believe he was facing life, and I think he got 35 or 40 years, something like that. And I'm sorry, to finish, did you finish answering what would be the gold standard of what the government believes is appropriate at the sentence? You said you sought the bare minimum, and then what was below the minimum? What is the appropriate standard? What would the government say? Well, we do agree to some extent with defense counsel that it probably would be practical for the court to at least ask the defendant questions that focus on those conditions of supervised release. And it probably would be practical for the court to ensure or provide at sentencing a written list of those conditions. But the practice as it is now, he has a written list. It's a whole last page of the pre-sentence report, page 17 and 17 in the initial report. And then in the final PSR, it was page 18 of 18. So they are, the recommended conditions are quite clearly listed. You can't review the PSR if you don't go through the last page. And some people may even start at the last page, which in this case contains the exact three conditions that the defendant is now complaining about. So... Do you have anything further? In conclusion, we would say that there is no conflict between the written judgment and the oral pronouncement of the sentencing conditions. The defendant had many meaningful opportunities to object, but he did not do so. And the court did not err plainly or otherwise in pronouncing the sentencing, the conditions of supervised release, and failing to read it word for word. I believe I've covered all the issues the appellant raised. And if the court has no further questions, then we'll submit the case on the brief and argument. Thank you. Thank you. Your time is expired as well. Thank you. Judge, just briefly, if I may. I would just highlight to the court that I do believe that the district court does have a responsibility to make a meaningful opportunity for the defendant to object to any special conditions that he seeks to impose. I think that if we're arguing about did he have a meaningful opportunity at the time the PSR was written, I would say no, because that meaningful opportunity arises when the district court seeks to impose those and gives the reasons why. I think that the better practice, which we discussed, Your Honor, which would really clear up this whole area, is if the district court did have a procedure in place across the districts. Again, I reiterate, the Eastern District includes these in the PSR. The Northern District does not. And so you don't know what those standard conditions are going to be until the time of sentencing. And so if everything was harmonized in such a way that the court gave a meaningful opportunity for the defendant to object to any special condition that it sought to impose through a form, this is what we're considering, have them sign it, then there is no question any further. I really don't understand the argument that you're making to say that it's unimportant that it is in the PSR that he receives 60 days before sentencing and he's in a much better position and it's a greater opportunity if he hears it for the first time from the court at sentencing in the oral pronouncement. It seems to me that 30-day or 60-day, however long it may be, opportunity to study it gives him a greater opportunity. But maybe I misunderstood your argument. I think the opportunity is there, Your Honor. I just don't think that it rises to the level of needing to object at that time prior to sentencing. I think it's helpful to have them. You have the recommendations for the special conditions, but you don't have any factual basis behind them for why the court would want to impose them. So the ability to raise the objection doesn't arise. Is that the way the PSR works? In other words, this is a sentence I have recommended. So the lawyers are in the dark and have no idea what the sentence is going to be, even though the PSR recommends it and has been submitted to the judge. I didn't know that was the way it operated. No, Your Honor. I think that the difference in that regard is that if we piece out the special conditions of supervised release, everything else—the case law is clear that if it's in the PSR, then the judge can deem that to be reliable and the burden shifts to the defendant to try to disprove or to object and to make his arguments. It's a different case when it's a special condition of supervised release in regards to the sentence of what the court is going to impose. They're just merely recommendations. You don't know what the district court is going to do or what basis to object. It's not a PSR's recommendation, is it not? I would argue to the court it's different. It's not necessarily a recommendation. The defense counsel and the appellant is on notice that they are going to have to object or the court could follow that without any problem. The fact that the PSR in districts other than the Eastern District do not even contain the special conditions of supervised release to give an opportunity to object, I think it all goes back to it can be tailored. A procedure could be in place where this never becomes an issue, and it gives the court, it rests on the district court to give that defendant that meaningful opportunity to object to any special condition that it seeks to impose. Again, it doesn't have to be oral, but it could be written as the way that we suggested and Judge Lynn does it in the Northern District or Judge Reed O'Connor does it in the Northern District in Fort Worth, and it clears up any ambiguity. What you're conceding is I understand what you just said. You're conceding that the oral pronouncement is not that important. Your Honor, I'm not saying that it's not. What you just said. You said it didn't matter whether it was oral or written. I think when the district court states that it's going to orally impose these conditions and those conditions are set forth in a document that's given to the defendant, it's that the defendant accepts them and agrees with them, that that can be incorporated into the written judgment without a problem because it does not have to be read word for word. But it's in the oral pronouncement of sentence that these are the special conditions that have been submitted that has given the defendant an opportunity to object if the defendant so desires. But it's like the— Does this special form that you're talking about in the Northern District also have the special conditions are imposed for these reasons, and the district court goes into an iteration of the reasons for each of the special conditions? If my memory serves me correctly, Your Honor, in the sentence that I've been in, I know—I believe in Judge Lynn specifically that she goes through and discusses the reasons why that she's imposing these special conditions. In the written document? Not in the written document, but orally on the record when she's imposing them, if my memory serves me correctly. We have your argument, counsel. Thank you. This case is submitted. We appreciate your—